# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAKE FOREST PARTNERS, L.P., and MARY ANASTASIA LAPIC, for themselves and all others similarly situated, | Civil Action No. 2:12-cv-00999-AJS |
| Plaintiffs, | *Electronically Filed* |
| vs. | |
| SPRINT COMMUNICATIONS COMPANY L.P., QWEST COMMUNICATIONS COMPANY, LLC, LEVEL 3 COMMUNICATIONS, LLC, and WILTEL COMMUNICATIONS, LLC, | |
| Defendants. | |

### [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES TO SETTLEMENT CLASS COUNSEL

Under Federal Rules of Civil Procedure 23(h)(1) and 54(d)(2), Plaintiffs in this class action have moved for an award of attorneys' fees and expenses to Settlement Class Counsel. Under Rule 23(h)(3), the Court must make findings of fact and state its conclusions of law. The Court does so, as follows, in granting the motion:

### Findings of Fact

1. This class-action settlement resolves a property-rights dispute, which arises out of the installation of fiber-optic cable on railroad rights of way by Sprint Communications Company L.P., Qwest Communications Company, LLC, Level 3 Communications, LLC, and WilTel Communications, LLC (the "Settling Defendants"). The claims resolved by the Settlement affect parcels of land in Pennsylvania covering approximately 910 miles of rights of way throughout the state.

2.	On October 3, 2012, the Court entered an order preliminarily approving the Settlement, certifying the Settlement class, and approving the form and manner of notice. On March 1, 2013, the claims administrator mailed notices to 21,285 current and prior property owners along railroad rights of way in Pennsylvania containing telecommunications facilities installed by the Settling Defendants, and opened a Settlement call center and website. The notice, which was posted on the website, advised in pertinent part:

> The Court will decide how much Class Counsel and any other lawyers will be paid. Class Counsel will ask the Court for attorneys' fees, costs and expenses of $1,890,000. . . . The Defendants will separately pay these fees and expenses and the payment will not reduce the benefits available for the Class.

Notice ¶ 24. The Notice further advised that the Court would hold a Fairness Hearing on November 4, 2013 — subsequently changed to June 17, 2013 — at which time the Court would "consider how much to pay Class Counsel." *Id.* ¶ 27. On June 17, 2013, the Court held the final Fairness Hearing.

3.	The Settlement Agreement provides in pertinent part: "Settlement Class Counsel may seek from the Court a cash award of fees and expenses from the Settling Defendants, in an amount not to exceed the Maximum Attorneys' Fee Award, to which the Settling Defendants will not object." Settlement Agreement § II.E.1. The Settlement Agreement defines the Maximum Attorneys' Fee Award as $1,890,000. Settlement Agreement Definitions. The Settlement Agreement further provides that "the Settling Defendants shall deposit any attorneys' fee award approved by the Court, which shall not exceed the Maximum Attorneys' Fee Award, into the interest-bearing escrow account established with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final." Settlement Agreement § II.E.2.

2

4. The escrow account established with U.S. Bank is a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B. The escrow account is maintained by U.S. Bank in New York, New York, with the Garretson Firm Resolution Group, Inc. ("GFRG") serving as the Fund Administrator. These arrangements are consistent with the terms of an Escrow Agreement entered into as of August 26, 2011 between certain Settlement Class Counsel, U.S. Bank, and GFRG.

5. Settlement Class Counsel estimate that approximately $4,371,000 in cash benefits are available for class members to claim. Administrative costs — to be paid separately by the Settling Defendants — in creating and updating a sophisticated database to notify class members, implement the Settlement, and process claims, are estimated at an additional $802,000. The agreed-to attorneys' fees and non-taxable costs of approximately $1,890,000 — which will not reduce benefits payable to class members — bring the total gross value of the Settlement to roughly $7,003,000.

**Conclusions of Law**

6. Rule 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement." The Rule further provides that "[a] claim for an award must be made by motion under Rule 54(d)(2)," notice of which must be "directed to class members in a reasonable manner" and that the Court "must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(1) and (3). In turn, Rule 54(d)(2) requires a claim for fees to be made by motion, and specifies its timing and content, including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2)(B). Notice of this fee-award motion was provided in the class notice and on the website.

7. "In assessing attorneys' fees, courts typically apply either the percentage-of-recovery method or the lodestar method. The percentage-of-recovery method is generally favored in common fund cases because it allows courts to award fees from the fund in a manner that rewards counsel for success and penalizes it for failure." *In re Rite Aid Corp. Secs. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005) (internal quotation marks and citation omitted). "Notwithstanding [the Third Circuit's] deferential standard of review of fee determinations, [it has] required district courts to clearly set forth their reasoning for fee awards so that [the appeals court] will have a sufficient basis to review for abuse of discretion. *Id.* at 301 (citations omitted).[1] The Third Circuit also suggests a lodestar cross-check calculation, which "need entail neither mathematical precision nor bean-counting," but in which district courts "may rely on summaries submitted by the attorneys and need not review actual billing records." *Id.* at 306-07 (citation omitted)

8. Under the percentage-of-the-fund method, it is appropriate to base the percentage on the gross cash benefits available for class members to claim, plus the additional benefits conferred on the class by the Settling Defendants' separate payment of attorney's fees and expenses, and the expenses of administration. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 479 (1980) ("Although the full value of the benefit to each absentee member cannot be determined until he presents his claim, a fee awarded against the entire judgment fund will shift the costs of

---

[1] The Third Circuit has instructed that district courts should consider seven factors when analyzing a fee award in a common fund case:
> (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel [on final approval, after notice has been given to class members]; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases.

*Rite Aid*, 396 F.3d at 301. (citations omitted).

litigation to each absentee in the exact proportion that the value of his claim bears to the total recovery.") (citation omitted).

9. The Court adopts the percentage-of-the-fund approach, and finds that, under it, the agreed-to fee-and-expense request is reasonable as a matter of law. Here, Settlement Class Counsel estimate that, based on the miles of rights of way covered by the Settlement, if each class member were to claim the available cash benefits, approximately $4,371,000 would be paid to qualifying class members. When estimated administrative costs of $802,000 — to be borne by the Settling Defendants — and the agreed-to attorneys' fees and expenses of $1,890,000— also to be paid separately by the Settling Defendants — are factored in, the gross value of the Settlement is approximately $7,003,000. The $1,890,000 fee-and-expense award therefore represents 26.8 percent of the fund as a whole.

10. At 26.8 percent of the value of the fund as a whole, the fee-and-expense award would be well within the range of reasonable percentage-fee awards in this Circuit. *See Rite Aid*, 396 F.3d at 303 (discussing with approval three studies of attorneys' fees awarded in class-action settlements finding that "an average percentage fee recovery of 31%; . . . a median percentage recovery range of 27-30%; . . . and . . . recoveries in the 25-30% range were fairly standard.") (internal quotation marks and citation omitted); *see also Frederick v. Range Resources-Appalachia*, LLC, C.A. No. 08-288 Erie, 2011 WL 1045665, at *9 (W.D. Pa. Mar. 17, 2011) ("While there is no consensus as to the method for determining a reasonable percentage of attorney fees under the 'percentage-of recovery' approach, 'several courts in this circuit have observed that fee awards under [that] approach typically range from 19% to 45% of the settlement fund, with 25% being the median award.'" (quoting *Lazy Oil Co. v. Witco Corp.*, 95 F. Supp. 2d 290, 341 (W.D. Pa. 1997) and citing *Seidman v. American Mobile Sys.*, 965 F. Supp.

612, 622 (E.D. Pa.1997) ("Although no general rule exists as to what is a reasonable percentage, courts have found that an award of 25% of the common fund is ordinarily reasonable."); *Hanrahan v. Britt,* 174 F.R.D. 356, 368 (E.D. Pa. 1997) (noting that median award of counsel fees in a class action is approximately 25%); *Lachance v. Harrington,* 965 F. Supp. 630, 648-49 (E.D. Pa. 1997); *First State Orthopaedics v. Concentra, Inc.,* 534 F. Supp. 2d 500 (E.D. Pa. 2007) ("Many courts have considered 25% to be the benchmark figure for attorney fee awards in class action lawsuits, with adjustments up or down for case-specific factors ...")). The 26.8-percent fee requested here is warranted for the decade-plus litigation against the Settling Defendants to resolve the vexing legal issues arising out of the installation of fiber-optic cable on railroad rights of way that culminated in this and the 45 other state settlements. In twenty-seven fee-and-expense orders issued by federal courts in similar right-of-way settlements that have received final approval, the district courts in Idaho, Illinois, Alabama, North Dakota, Montana, Michigan, Minnesota, Vermont, Kansas, Indiana, Virginia, New Jersey, New York, Florida, West Virginia, Oklahoma, Maryland, Nebraska, Iowa, North Carolina, Wisconsin, Arkansas, Wyoming, Georgia, Colorado, Mississippi, and Missouri approved fee-and-expense awards to class counsel ranging from 17 to 30 percent of the then-estimated fund.

11. In terms of a lodestar crosscheck, the overlapping nature of fiber-optic-cable right-of-way discovery, motions practice, research, litigation, and settlement efforts across the country for more than a decade — which culminated in this and the other state settlement agreements — have prevented Settlement Class Counsel from segregating their fees and expenses into a "Pennsylvania-only" category or similar categories for other states. *See* Declaration of Settlement Class Counsel Dan Millea ¶ 16; Declaration of Settlement Class Counsel Irwin Levin ¶ 22. Nonetheless, it is apparent that the Pennsylvania fee-and-expense

request is amply supported by a lodestar crosscheck based on the time and expense incurred, and fees available, in resolution of all the state-by-state settlements of the fiber-optic-cable right-of-way litigation.

12. The total attorneys' fees and expenses incurred by Settlement Class Counsel in the decade-plus of right-of-way litigation culminating in this Settlement, excluding local counsel fees and expenses, were just over $60,000,000 as of March 31, 2011; that number has since increased as Settlement Class Counsel have performed substantial work in seeking approval of the settlements in courts around the country, and it will continue to do so until the settlements are fully administered. *See* Millea Decl. ¶ 17; Levin Decl. ¶ 23. The Settling Defendants in the right-of-way litigation have agreed to pay a total of $41,500,000 in attorneys' fees and expenses in settlement of the forty-six state actions (and the District of Columbia) nationwide. Millea Decl. ¶ 17; Levin Decl. ¶ 23. Therefore, the incurred fees and expenses are subject to a *negative* multiplier — roughly .70 — on a nationwide basis and with a pro-rata Pennsylvania allocation.

13. Here, there were no objections to the fee-and-expense award. This is a factor for the Court's consideration. *See Rite Aid*, 396 F.3d at 301 (considering "the presence or absence of substantial objections by members of the class to the . . . fees requested by counsel"). The Court-approved notice stated that, at the conclusion of the fairness hearing, counsel would seek a fee-and-expense award up to $1,890,000. The notice also informed class members of their ability to object to the fee-and-expense request. No class member objected to it. The absence of objections by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable.

**WHEREFORE** it is **ORDERED** that the motion for an award of attorneys' fees and expenses to Settlement Class Counsel is **GRANTED**.

It is further **ORDERED** that the Court approves a fee-and-expense award of $1,890,000 to Settlement Class Counsel,

It is further **ORDERED** that the Settling Defendants shall deposit the fee-and-expense award approved by the Court into the interest-bearing escrow account — established as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B and as a trust under state law — with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final, that any alleged or actual civil liability against the Settling Defendants for attorneys' fees arising out of the tort claims resolved by the Pennsylvania Class Settlement Agreement approved by this Court is satisfied and extinguished through the Settling Defendants' payment of the fee-and-expense award, and that any interest earned on the escrow account shall be recognized as gross income of the Qualified Settlement Fund; and

It is further **ORDERED** that appointment of GFRG as the Fund Administrator for the escrow account is hereby confirmed and that the escrow account shall be governed by the Escrow Agreement entered into as of August 26, 2011 between Settlement Class Counsel, U.S. Bank, and GFRG.

Date: 6/17/2013

Honorable Arthur J. Schwab
United States District Judge