# EXHIBIT 1

**AGREEMENT TO ARBITRATE THE ALLOCATION OF ATTORNEYS' FEES AND COSTS AWARDED IN THE FIBER-OPTIC-CABLE RIGHT-OF-WAY LITIGATION**

This Agreement to Arbitrate the Allocation of Attorneys' Fees and Costs Awarded in the Fiber-Optic-Cable Right-of-Way Litigation ("Agreement") dated July 6, 2012, is made by and between the Parties defined herein or listed on Schedule A hereto.

WHEREAS, the Parties hereto are law firms and attorneys that have been litigating the Fiber-Optic-Cable Right-of-Way Litigation cases, as defined below, in federal and state courts across the United States; and

WHEREAS, the Fiber-Optic-Cable Right-of-Way Litigation cases are in the process of being resolved through state-by-state settlements in federal and state courts in forty-six states; and

WHEREAS, the Parties hereto have requested or will request that each court approving a settlement award them attorneys' fees and expenses to be paid by the Settling Defendants in the Fiber-Optic-Cable Right-of-Way Litigation cases; and

WHEREAS, the Idaho Fees have already been paid and fully disbursed from escrow to the 48-Firm Group; and

WHEREAS, the Parties hereto had heretofore been unable to agree on an allocation of attorneys' fees and expenses awarded in settlement of the Fiber-Optic-Cable Right-of-Way Litigation cases; and

WHEREAS, as a result of the mediation efforts of Professor Eric D. Green and James D. Wilson (the "Arbitrators"), the 48-Firm Group, the Susman Group, and William T. Gotfryd reached an agreement to allocate all attorneys' fees and expenses awarded in settlement of the Fiber-Optic-Cable Right-of-Way Litigation cases; and

WHEREAS, mediation efforts to resolve the allocation of attorneys' fees and expenses awarded in settlement of the Fiber-Optic-Cable Right-of-Way Litigation cases to the Litman Group were unsuccessful, but the Parties hereto have reached an agreement on a final and binding arbitration process to resolve the allocation to the Litman Group; and

WHEREAS, the Estate of Hugh V. Smith, Jr. (the "Estate") has made a claim for an allocation of attorneys' fees and expenses in the Fiber-Optic-Cable Right-of-Way Litigation.

NOW, THEREFORE, in consideration of the mutual agreements set forth herein, the Parties agree as follows:

## I.    Definitions

In addition to the defined terms set forth in the foregoing introduction and recitals, the following terms shall have the meanings set forth below for the purposes of this Agreement. Where the context so indicates or requires, defined terms stated in the singular shall be deemed to include the plural and vice versa.

"**The 48-Firm Group**" means (1) the attorneys and law firms listed under "The 48-Firm Group" in Schedule A, all of whom have, through separate agreements, agreed on the allocation of their collective share of Gross Fees between and among themselves; and (2) any other counsel who requests an award of the Gross Fees based on representation of a client who is also represented by the 48-Firm Group and which counsel is not William T. Gotfryd, a member of the Litman Group,  a member of the Susman Group, or a representative of the Estate of Hugh V. Smith, Jr.

"**Alabama Fees**" is a subset of the Gross Fees and means the attorneys' fees and expenses awarded by the United States District Court for the Northern District of Alabama in *Moore v. Sprint Communications Company L.P.*, No. 02-PWG-1338-S (N.D. Ala.), and *Moore v. Williams Communications, LLC*, No. 02-PWG-1447-S (N.D. Ala.).

"**Fiber-Optic-Cable Right-of-Way Litigation**" means (1) the cases listed in Schedule B; (2) fiber-optic-cable right-of-way litigation that was the subject of a preliminarily approved and later reversed settlement effort in the case styled *Smith v. Sprint Communications Corp.*, No. 99 C 3844 (N.D. Ill.) or the case styled *Kingsborough v. Sprint Communications Corp.*, Civil Action No. 07-10651-LTS (D. Mass.); and (3) any and all other or later-filed class actions against any one or more of the *Smith* or *Kingsborough* defendants asserting the same or similar claims involving fiber-optic-cable-installation claims released in these class actions.

"**Georgia Fees**" is a subset of the Gross Fees and means the attorneys' fees and expenses to be awarded by the United States District Court for the Northern District of Georgia in *Tedder v. WilTel Communications*, LLC, No. 3:02-CV-055-WBH (N.D. Ga.) (formerly called *Davis, v. Williams Communications, Inc.*).

"**Gross Fees**" means the gross attorneys' fees and expenses awarded, or to be awarded, to the Parties hereto by any court in connection with the settlement of the Fiber-Optic-Cable Right-of-Way Litigation.

"**Idaho Fees**" is a subset of the Gross Fees and means the $426,000 in attorneys' fees and expenses awarded by the United States District Court for the District of Idaho in *Koyle v. Level 3 Communications, Inc.*, No. 01-0286-S-BLW (D. Idaho).

"**Illinois Fees**" is a subset of the Gross Fees and means the $3,453,000 in attorneys' fees and expenses awarded by the United States District Court for the Northern District of Illinois in *McDaniel v. Qwest Communications Corp.*, No. 05 C 1008 (N.D. Ill.).

"**The Litman Group**" means Seth A. Litman and Alembik, Fine & Callner P.A; and any other counsel who requests an award of the Gross Fees based on representation of a client who is also represented by the Litman Group and which counsel is not William T. Gotfryd, a member of

the 48-Firm Group,  a member of the Susman Group, or a representative of the Estate of Hugh V. Smith Jr.

"**Mississippi Fees**" is a subset of the Gross Fees and means the attorneys' fees and expenses to be awarded by the United States District Court for the Southern District of Mississippi in *Bethea v. Sprint Communications Company, L.P.*, No. 3:12-cv-00322-CWR-FKB (S.D. Miss.).

"**Party**" or "**Parties**" means the 48-Firm Group, the Litman Group, the Susman Group, and William T. Gotfryd, individually or collectively, as defined herein.

"**The Susman Group**" means Arthur Susman, Esq.; Susman Heffner & Hurst, LLP; Charles Watkins, Esq.; John Wylie, Esq.; Donaldson & Guin LLC; the attorneys and law firms listed under "The Susman Group" in Schedule A; and any other counsel who requests an award of the Gross Fees based on representation of a client who is also represented by the Susman Group and which counsel is not a member of the 48-Firm Group,  a member of the Litman Group, William T. Gotfryd, or a representative of the Estate of Hugh V. Smith, Jr.

"**William T. Gotfryd**" means William T. Gotfryd, Esq and any other counsel who requests an award of the Gross Fees based on representation of a client who is also represented by William T. Gotfryd and which counsel is not a member of the Litman Group, a member of the 48-Firm Group, a member of the Susman Group, or a representative of the Estate of Hugh V. Smith, Jr.

## II.    Allocations

Allocations to Be Determined by Final and Binding Arbitration Award.  The allocation of the Gross Fees to each of the Parties hereto shall be determined by the Arbitrators in a final and binding arbitration subject to the following terms:

1.    Allocation to the 48-Firm Group.  The 48-Firm Group shall receive eighty-seven percent (87%) of the Gross Fees, subject to the arbitration of the Litman Group allocation described in Paragraphs 4 and 5, below.

2.    Allocation to William T. Gotfryd.  William T. Gotfryd shall receive eight and one-half percent (8.5%) of the Gross Fees, subject to the arbitration of the Litman Group allocation described in Paragraphs 4 and 5, below.

3.    Allocation to the Susman Group.  The Susman Group shall receive four and one-half percent (4.5%) of the Gross Fees, subject to the arbitration of the Litman Group allocation described in Paragraphs 4 and 5, below.

4.    Allocation to the Litman Group.  Notwithstanding any other provision of this Agreement, the Litman Group shall receive a percentage of the Gross Fees to be determined by the Arbitrators in a final and binding arbitration in accordance with the following terms: (1) the allocation of Gross Fees to the Litman Group shall be no less than 1.0% and no greater than 1.5% of Gross Fees, to be paid when the Gross Fees are collected; (2) the Arbitrators are not required to issue a decision explaining the reasoning

for the allocation of Gross Fees to the Litman Group; (3) no hearing before the Arbitrators will be conducted; (4) the Arbitrators may consider any and all material previously provided to them during any proceeding involving the Parties hereto, as well as their experience with the Fiber-Optic-Cable Right-of-Way Litigation or with any Party hereto; (5) the Parties hereto may submit a written statement that does not exceed three (3) pages on or before July 6, 2012; (6) the Arbitrators shall serve without compensation; and (7) the allocation of Gross Fees issued to the Litman Group by the Arbitrators shall be final and binding on all Parties to this Agreement and is not subject to appeal to any court.

5.      <u>Pro Rata Deductions to Cover the Allocation to the Litman Group</u>.   The Arbitrators' allocation of Gross Fees to the Litman Group shall be deducted from the allocations to the 48-Firm Group, William T. Gotfryd, and the Susman Group on the following pro-rata basis: eighty-seven percent (87%) from the 48-Firm Group; eight and one-half percent (8.5%) from William T. Gotfryd; and four and one-half percent (4.5%) from the Susman Group.  For example, if the Litman Group receives one percent (1%) of Gross Fees, the 48-Firm Group would contribute eighty-seven percent (87%) of that one percent (1%), William T. Gotfryd would contribute eight and one-half percent (8.5%) of that one percent (1%), and the Susman Group would contribute four and one-half percent (4.5%) of that one percent (1%).  In this example, the final allocations of Gross Fees to each of the Parties hereto would be as follows: (1) the 48-Firm Group would receive eighty-six and thirteen one-hundredths percent (86.13%) of the Gross Fees; (2) William T. Gotfryd would receive eight and four-hundred fifteen one-thousandths percent (8.415%) of the Gross Fees; (3) the Susman Group would receive four and four-hundred fifty-five one-thousandths percent (4.455%) of the Gross Fees; and (4) the Litman Group would receive one percent (1%) of the Gross Fees.

6.      <u>Allocation of Idaho Fees</u>.    Notwithstanding any other provision of this Agreement, to compensate the Susman Group, William T. Gotfryd, and the Litman Group for their respective allocations of Idaho Fees already disbursed to other Parties but available under this Agreement, the 48-Firm Group shall have its allocation of Illinois Fees reduced in the amount necessary to compensate the Susman Group, William T. Gotfryd, and the Litman Group for their respective allocations of the Idaho Fees to be calculated in accordance with the preceding five paragraphs.   For example, if the Arbitrators award the Litman Group one percent (1%) of the Gross Fees, the 48-Firm Group's allocation of Illinois Fees would be reduced by the following amounts to compensate the other Parties hereto for their respective allocations of Idaho Fees: (1) Thirty-Five Thousand Eight Hundred Forty-Seven Dollars and Ninety Cents ($35,847.90) to William T. Gotfryd; (2) Eighteen Thousand Nine Hundred Seventy-Eight Dollars and Thirty Cents ($18,978.30) to the Susman Group; and (3) Four Thousand Two Hundred Sixty Dollars ($4,260) to the Litman Group.

7.      <u>Allocation to the Estate of Hugh V. Smith, Jr</u>.   Notwithstanding any other provision of this Agreement, the Parties hereto agree that their respective allocations of the Alabama Fees, the Georgia Fees, and the Mississippi Fees shall be reduced by a total of Thirty Thousand Dollars ($30,000) to compensate the Estate of Hugh V. Smith, Jr. for Mr. Smith's contribution to the Fiber-Optic-Cable Right-of-Way Litigation.  Of that

Thirty Thousand Dollars ($30,000), Twenty Thousand Dollars ($20,000) shall be reduced from the Parties' respective allocations of the Mississippi Fees, Five Thousand Dollars ($5,000) shall be reduced from the Parties' respective allocations of the Alabama Fees, and Five Thousand Dollars ($5,000) shall be reduced from the Parties' respective allocations of the Georgia Fees.  Such reductions shall be made on a pro rata basis according to the percentage of the Gross Fees allocated to each Party by the Arbitrators. For example, if the Arbitrators award the Litman Group one percent (1%) of the Gross Fees, the Parties' allocations of the Mississippi Fees would be reduced by the following amounts: (1) Seventeen Thousand Two Hundred Twenty-Six Dollars ($17,226) from the 48-Firm Group; (2) One Thousand Six Hundred Eighty-Three Dollars ($1,683) from William T. Gotfryd; (3) Eight Hundred Ninety-One Dollars ($891) from the Susman Group; and (4) Two Hundred Dollars ($200) from the Litman Group.  In this example, the Parties' allocations of each of the Alabama Fees and the Georgia Fees would be reduced by the following amounts: (1) Four Thousand Three Hundred Six Dollars and Fifty Cents ($4,306.50) from the 48-Firm Group ; (2) Four Hundred Twenty Dollars and Seventy-Five Cents ($420.75) from William T. Gotfryd; (3) Two Hundred Twenty-Two Dollars and Seventy-Five Cents ($222.75) from the Susman Group; and (4) Fifty Dollars ($50) from the Litman Group.  To the extent that the approval of any probate or other court is required in order to finalize this Agreement with the Estate, the Estate, through its Executrix Annee Caspari, shall assume full responsibility for obtaining said approval. While the 48-Firm Group, the Litman Group, the Susman Group, and William T. Gotfryd agree to cooperate in obtaining said approval by providing information, if requested and reasonably necessary, none of them shall be held responsible or liable for obtaining said approval or for any denial of said approval.

<u>Joint Fee Requests</u>.  The Parties hereto agree that they shall cooperate in moving the courts overseeing the Fiber-Optic-Cable Right-of-Way Litigation to allocate attorneys' fees and expenses in accordance with the allocations determined in the final and binding arbitration described above, meaning that no Party hereto shall request, or support a request for, an allocation of attorneys' fees or expenses to any attorney or law firm that is not bound by this Agreement, and further that no Party hereto shall obstruct or object to any attempt to move said courts to allocate attorneys' fees and expenses in accordance with the final and binding arbitration described above.  Any Party that fails to adhere to this clause, as determined by the sole discretion of the Arbitrators, shall result in that Party forfeiting that portion of its allocation of Gross Fees awarded or to be awarded by the court before whom that Party refuses to cooperate.  That forfeited portion shall be distributed to the remaining cooperative Parties on the pro rata basis determined in the final and binding arbitration described above.

<u>Ongoing Commitment</u>.  Each Party hereto agrees to commit reasonable and necessary resources to seeing the Fiber-Optic-Cable Right-of-Way Litigation through settlement, claims administration, and, if necessary, any appeals, at the direction of the 48-Firm Group, until that Litigation has ended, except that the Litman Group, the Susman Group, and William T. Gotfryd agree to commit only the effort and resources, upon the request of the 48-Firm Group, that are necessary to complete the Fiber-Optic-Cable Right-of-Way Litigation and that cannot reasonably be provided by members of the 48-Firm Group.  Any cost incurred by any Party to this Agreement will be borne by that Party.

Enforceability of the Arbitration Award Allocating Gross Fees.  Notwithstanding any other provision of this Agreement, the Arbitrators' final and binding arbitration award allocating the Gross Fees between and among the Parties (described above) may be enforced as a judgment by any court of competent jurisdiction.  The Party or Parties seeking enforcement shall be entitled to an award of all costs, fees, and expenses, including attorneys' fees, to be paid by the Party or Parties against whom enforcement is ordered.

Agreement to Hold Harmless.  Each Party hereto shall hold each other Party harmless for and from any claim for attorneys' fees or expenses arising out of the Fiber-Optic-Cable Right-of-Way Litigation made by any law firm for which that Party works or previously worked, or by any law firm with which that Party had a formal business relationship while working on the Fiber-Optic-Cable Right-of-Way Litigation, whether said relationship was known to other Parties or not.

## III.   Miscellaneous

Entire Agreement.  This Agreement contains the entire agreement between the Parties hereto.  It may be amended only by written agreement.

Superseding Agreement.  To the extent this Agreement resolves the allocation of Gross Fees between the 48-Firm Group and the Litman Group, this Agreement supersedes that agreement entitled "Agreement to Negotiate, Mediate, and, If Necessary, Arbitrate Division of Attorney-Fee and Costs Award (the "Med-Arb") entered into by the 48-Firm Group and the Litman Group in 2006.

Representation by Counsel.  The Parties hereto have been represented by or had the opportunity to be represented by, independent counsel of their own choosing.  Each Party has had the full right and opportunity to consult with their counsel.

No Interpretation Against Drafter.  This Agreement is the product of negotiations between the Parties hereto represented by counsel and any rules of construction relating to interpretation against the drafter of an agreement shall not apply to this Agreement and are expressly waived.

Counterparts.  This Agreement may be executed in counterparts.

Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of Illinois, without regard to principles of conflicts of law.

Arbitration.  Each of the Parties hereto agrees to have any and all disputes, claims, or controversies arising out of or relating to this Agreement decided by negotiation, mediation, and, if necessary, binding arbitration, to be conducted jointly by James D. Wilson and Professor Eric D. Green under the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*  The arbitration will be conducted in accordance with the provisions of Resolutions, LLC's Streamlined Arbitration Rules and Procedures in effect at the time of the demand for arbitration, to the extent the Rules are consistent with this Agreement.  However, because the Parties hereto desire to further streamline the arbitration process, they hereby agree to accept more restrictive rules regarding

discovery and hearing as the Arbitrators may determine should apply.  Each of the Parties hereto agrees to this arbitration provision voluntarily.

<u>Waiver of Right to Litigate in Court</u>.  With the exception of the right to enforce (1) the Arbitrators' final and binding arbitration award allocating the Gross Fees between and among the Parties, or (2) the Arbitrators' resolution of any issue pursuant to the preceding paragraph, as a judgment in a court of competent jurisdiction, each of the Parties hereto surrenders any rights that it might otherwise possess to require any dispute, claim, or controversy arising out of or relating to this Agreement to be litigated in a court or by a jury trial.  Each of the Parties hereto surrenders its rights to discovery and appeal, except to the extent that those rights are specifically provided for under this Agreement.  If any Party hereto refuses to submit to arbitration, it may be compelled to arbitrate under federal or state law.

<u>Severability</u>.  If the Arbitrators or a court of competent jurisdiction rule that any provision of this Agreement is invalid, the remainder of the Agreement shall not be affected.

<u>Authority to Sign</u>.  Each signatory hereto represents and warrants that he or she has authority to bind the attorneys and/or law firm(s) within his or her respective Group.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of July 6, 2012.

_____ Date: 7/6/2012
Nels J. Ackerson
Kathleen C. Kauffman
**Ackerson Kauffman Fex, PC**

_____ Date: _____
Henry J. Price
**Price, Waicukauski & Riley, LLC**

_____ Date: _____
Andrew W. Cohen
**Koonz, McKenney, Johnson,**
  **DePaolis & Lightfoot, L.L.P.**

_____ Date: _____
Daniel J. Millea
**Zelle Hofmann Voelbel & Mason, LLP**

_____ Date: 7/6/2012
Irwin B. Levin  *by NJA*
**Cohen & Malad, LLP**

_____ Date: 7/6/2012
Scott D. Gilchrist *by NJA*
**Cohen & Malad, LLP**

_____ Date: 7/6/2012
Scott A. Powell  *by NJA*
**Hare, Wynn, Newell & Newton, LLP**

_____ Date: _____
Mike Miller
**Solberg, Stewart, Miller & Tjon, Ltd.**

_____ Date: _____
John C. Sullivan, Jr.
**Sullivan and Sullivan, Attorneys at Law**



Nels Ackerson <nels@ackersonlaw.com>

---

# FINAL EXECUTION COPY: Fee Allocation Arbitration Agreement

**Irwin Levin** <ilevin@cohenandmalad.com>                    *Fri, Jul 6, 2012 at 5:00 PM*
To: Scott Gilchrist <sgilchrist@cohenandmalad.com>
Cc: Nels Ackerson <nels@ackersonlaw.com>

*Mine as well*

*Sent from my iPad*

*On Jul 6, 2012, at 4:54 PM, "Scott Gilchrist" <sgilchrist@cohenandmalad.com<mailto:sgilchrist@ cohenandmalad.com>> wrote:*

*You can attach my signature to the final version. Thanks.*

*Sent from my iPad*

*On Jul 6, 2012, at 1:15 PM, "Nels Ackerson" <nels@ackersonlaw.com<mailto:nels@ackersonlaw.com>> wrote:*

*Dear Counsel:*

*The FINAL VERSION of the Fee Allocation Arbitration Agreement is attached.*

*Two changes were suggested after I circulated the version yesterday. First, Bill asked to have "Of Cousel, Susman Heffner & Hurst LLP" removed from his signature block. Second, Seth suggested a change in the definitions of our respective groups to clarify the involvement of the Estate of Hugh V. Smith, Jr. Those changes have been made. For your convenience, a red-line version showing those final edits is also attached.*

*For those of you who sent me your signature page, please reply to this email that your signature may now be affixed to the attached FINAL EXECUTION version.*

*Those who have not yet sent your signed signature page, please do so today if possible.*

*Thanks to all of you for getting this Agreement finished and fully executed.*


*--*

*Nels Ackerson*
*Ackerson ● Kauffman ● Fex, PC*
*1701 K Street, NW Suite 1050*
*Washington, DC 20006*

*www.ackersonlaw.com<http://www.ackersonlaw.com/>*

*Phone: 202.833.8833 | Fax: 202.833.8831 | E-Mail: nels@ackersonlaw.com<mailto:gsamiee@ackersonlaw.com>*


*This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, or have reason to believe you are not the intended recipient,*



Gina Samiee <gsamiee@ackersonlaw.com>

# FINAL EXECUTION COPY: Fee Allocation Arbitration Agreement

**Beckey Askins** <Beckey@hwnn.com>                        *Mon, Jul 9, 2012 at 3:54 PM*
*To: Gina Samiee <GSamiee@ackersonlaw.com>*

   FYI.  He says to sign for him.  Let me know if you need anything else.  Thanks.


   ---------- Forwarded message ----------
   *From: "Scott Powell" <Scott@hwnn.com>*
   *To: "Beckey Askins" <Beckey@hwnn.com>*
   *Cc:*
   *Date: Mon, 09 Jul 2012 12:51:36 -0500*
   *Subject: Re: Fwd: FINAL EXECUTION COPY: Fee Allocation Arbitration Agreement*

   OK to sign for me




**Scott A. Powell, Attorney**
2025 3rd Avenue North, Suite 800
Birmingham, Alabama  35203
Phone: 205-328-5330 / 800-568-5330
Fax: 205-324-2165
Web: http://www.hwnn.com
Email: scott@hwnn.com


   >>> Beckey Askins 7/9/2012 12:05 PM >>>
   ?

_____ Date: _____
Nels J. Ackerson
Kathleen C. Kauffman
**Ackerson Kauffman Fex, PC**

_____ Date: _____
Henry J. Price
**Price, Waicukauski & Riley, LLC**

_____ Date: 7/9/12
Andrew W. Cohen
**Koonz, McKenney, Johnson,**
  **DePaolis & Lightfoot, L.L.P.**

_____ Date: _____
Daniel J. Millea
**Zelle Hofmann Voelbel & Mason, LLP**

_____ Date: _____
Irwin B. Levin
**Cohen & Malad, LLP**

_____ Date: _____
Scott D. Gilchrist
**Cohen & Malad, LLP**

_____ Date: _____
Scott A. Powell
**Hare, Wynn, Newell & Newton, LLP**

_____ Date: _____
Mike Miller
**Solberg, Stewart, Miller & Tjon, Ltd.**

_____ Date: _____
John C. Sullivan, Jr.
**Sullivan and Sullivan, Attorneys at Law**

8

| | |
|---|---|
| _____ Date: _____<br>Nels J. Ackerson<br>Kathleen C. Kauffman<br>**Ackerson Kauffman Fex, PC** | _____ Date: 7/6/12<br>Henry J. Price<br>**Price, Waicukauski & Riley, LLC** |
| _____ Date: _____<br>Andrew W. Cohen<br>**Koonz, McKenney, Johnson,**<br>  **DePaolis & Lightfoot, L.L.P.** | _____ Date: _____<br>Daniel J. Millea<br>**Zelle Hofmann Voelbel & Mason, LLP** |
| _____ Date: _____<br>Irwin B. Levin<br>**Cohen & Malad, LLP** | _____ Date: _____<br>Scott D. Gilchrist<br>**Cohen & Malad, LLP** |
| _____ Date: _____<br>Scott A. Powell<br>**Hare, Wynn, Newell & Newton, LLP** | _____ Date: _____<br>Mike Miller<br>**Solberg, Stewart, Miller & Tjon, Ltd.** |
| _____ Date: _____<br>John C. Sullivan, Jr.<br>**Sullivan and Sullivan, Attorneys at Law** | |

_____ Date: _____
Nels J. Ackerson
Kathleen C. Kauffman
**Ackerson Kauffman Fex, PC**

_____ Date: _____
Henry J. Price
**Price, Waicukauski & Riley, LLC**

_____ Date: _____
Andrew W. Cohen
**Koonz, McKenney, Johnson,
  DePaolis & Lightfoot, L.L.P.**

_____ Date: 7/6/12
Daniel J. Millea
**Zelle Hofmann Voelbel & Mason, LLP**

_____ Date: _____
Irwin B. Levin
**Cohen & Malad, LLP**

_____ Date: _____
Scott D. Gilchrist
**Cohen & Malad, LLP**

_____ Date: _____
Scott A. Powell
**Hare, Wynn, Newell & Newton, LLP**

_____ Date: _____
Mike Miller
**Solberg, Stewart, Miller & Tjon, Ltd.**

_____ Date: _____
John C. Sullivan, Jr.
**Sullivan and Sullivan, Attorneys at Law**

_____ Date: _____
Nels J. Ackerson
Kathleen C. Kauffman
**Ackerson Kauffman Fex, PC**

_____ Date: _____
Henry J. Price
**Price, Waicukauski & Riley, LLC**

_____ Date: _____
Andrew W. Cohen
**Koonz, McKenney, Johnson,
  DePaolis & Lightfoot, L.L.P.**

_____ Date: _____
Daniel J. Millea
**Zelle Hofmann Voelbel & Mason, LLP**

_____ Date: _____
Irwin B. Levin
**Cohen & Malad, LLP**

_____ Date: _____
Scott D. Gilchrist
**Cohen & Malad, LLP**

_____ Date: _____
Scott A. Powell
**Hare, Wynn, Newell & Newton, LLP**

_____ Date: 7/9/12
Mike Miller
**Solberg, Stewart, Miller & Tjon, Ltd.**

_____ Date: _____
John C. Sullivan, Jr.
**Sullivan and Sullivan, Attorneys at Law**

_____ Date: _____
Nels J. Ackerson
Kathleen C. Kauffman
**Ackerson Kauffman Fex, PC**

_____ Date: _____
Andrew W. Cohen
**Koonz, McKenney, Johnson,**
  **DePaolis & Lightfoot, L.L.P.**

_____ Date: _____
Daniel J. Millea
**Zelle Hofmann Voelbel & Mason, LLP**

_____ Date: _____
Irwin B. Levin
**Cohen & Malad, LLP**

_____ Date: _____
Scott D. Gilchrist
**Cohen & Malad, LLP**

_____ Date: _____
Scott A. Powell
**Hare, Wynn, Newell & Newton, LLP**

_____ Date: _____
Mike Miller
**Solberg, Stewart, Miller & Tjon, Ltd.**

_____ Date: 7-10-12
John C. Sullivan, Jr.
**Sullivan and Sullivan, Attorneys at Law**

_____ Date: 7-6-2012
William T. Gotfryd

| _____ Date: _____ <br> Arthur Susman <br> **Susman Heffner & Hurst LLP** | |

Date: 7/6/12

Seth A. Litman
**Individually and on behalf of Alembik, Fine & Callner P.A.**

Annee Caspari _____ Date: 7/12/12

Annee Caspari
**Executrix, Estate of Huge V. Smith, Jr.**

**SCHEDULE A**

<u>The 48-Firm Group</u>
Ackerson Kauffman Fex, PC
Price, Waicukauski & Riley, LLC
Koonz, Mckenney, Johnson, DePaolis & Lightfoot, LLP
Zelle, Hofmann, Voelbel & Mason, LLP
Hawley, Troxell, Ennis & Hawley, LLP
Kelly|Garnsey|Hubbell+Lass, LLC
Goldenberg, Heller, Antognoli & Rowland, P.C.
Becker, Paulson, Hoerner & Thompson, P.C.
Davis & Cannon, LLP
Reaud, Morgan & Quinn, LLP
Hillyard, Anderson & Olsen, P.C
Conlee, Schmidt & Emerson, LLP
Horn, Aylward & Bandy, LLC
Hunter, Smith & Davis, LLP
John F. Magnuson
Cohen & Malad, LLP
Ann D. White Law Offices, P.C.
Klafter, Olsen & Lesser, LLP
Bernstein, Litowitz, Berger & Grossmann, LLP
Heins, Mills & Olson, P.L.C.
Motley Rice, LLC
Edward A. Berman, P.C.
Richardson, Patrick, Westbrook & Brickman, LLC
Orr, Brown, Johnson, LLP
Brown & Dunn, P.C.
Charles Lilley & Associates, P.C.
McNamera & Company
Morrison, Frost, Olsen & Irvine, LLP
Long, Reimer, Winegar, LLP
The Fitzgerald Law Firm
Strope & Gotschall, P.C.
Donovan Searles, LLC
Law Offices of Jeff S. Pitzer
Johns, Flaherty & Rice, S.C.
John E. Suthers, P.C.
Dole, Coalwell, Clark, Mountainspring, Mornaich & Aitken, P.C.
Ogborn, Summerlin & Ogborn, P.C.
Allred Law Office
Meissner, Tierney, Fisher & Nichols, S.C.
Law Offices of Daniel W. Dunbar
Klenda, Mitchell, Austerman & Zuercher, LLC
Touhy, Touhy, Buehler & Williams, LLP
David A. Denslaw, Attorney at Law

Solberg, Stewart, Miller & Tjon, Ltd.
Siegel Brill, P.A.
Bailey, Stock & Harmon, P.C.;
Hare, Wynn, Newell & Newton, LLP
Sullivan and Sullivan, Attorneys at Law

<u>The Estate of Hugh V. Smith, Jr.</u>

<u>The Litman Group</u>
Seth A. Litman
Alembik, Fine & Callner P.A.

<u>The Susman Group</u>
Susman Heffner & Hurst LLP
Arthur Susman
Charles Watkins
John Wylie
Donaldson & Guin LLC

<u>William T. Gotfryd</u>